Abraham 1ST. Geller, J.
Motion by employer to stay arbitration instituted by respondent union, pursuant to a collective bargaining agreement between the parties. The collective agreement prohibited strikes and lockouts. The primary issue of dispute was whether the refusal to work overtime on the *537 part of union members, and the union’s support of this position, constituted a breach of the agreement by the union, or whether petitioner’s actions thereafter constituted a lockout.
Respondent originally requested arbitration of the controversy and an arbitrator was mutually selected, though petitioner contended that the dispute was not arbitrable. Before commencement of the proceedings, however, petitioner’s attorney noted that he would proceed with the arbitration only on an agreement as to reservation of petitioner’s right under section 1458 of the Civil Practice Act to raise the question of arbitrability. After a discussion, petitioner’s attorney accepted a statement from respondent’s attorney that he acknowledged that petitioner was reserving its rights under the Civil Practice Act. Thereafter, petitioner participated fully in four days of hearings, but announced its intention to litigate on the fifth day and withdrew from the proceedings.
The instant motion was thereupon first noticed for March 12, 1962, but has since been adjourned by mutual consent continually until the recent submission. The arbitration proceeding has also not been terminated. In the meantime the term of the collective bargaining agreement had expired. The parties and their attorneys entered into negotiations for a new collective bargaining agreement, which were fully consummated by the execution of a new agreement. However, it is completely silent as to claims here involved, and there is no written evidence of any agreement to terminate the arbitration proceeding or dispose of this motion. Petitioner’s attorney states that it was his understanding that the parties intended to terminate the arbitration; but respondent’s attorney has disputed that statement, stating that attempts to dispose of the past claims were rejected and that his position with the Arbitration Association has always been that the proceeding was still open.
No stay of the arbitration proceedings may be premised upon this supplementary contention of petitioner that the arbitration matter has been settled. As the party who sought to stay the arbitration, petitioner has the burden to establish that. Whatever subsequent arrangements were made should have made clear, if that were the fact, that the prior proceedings were terminated. Moreover, subdivision 2 of section 33 of the Personal Property Law requires that an agreement to discharge without consideration an obligation be in writing and signed by the party against whom it is sought to enforce the discharge. In the absence of any such writing relating to the discharge of the employer’s obligation with respect to the pending arbitration or, indeed, any writing indicating an agreement dispositive *538 of the arbitration proceeding or this motion, it must be held that the fact that the parties entered into a new collective bargaining agreement after the expiration of the former agreement does not by itself operate to terminate and discharge these matters.
Reviewing the prior proceedings, petitioner’s reservation of right to contest arbitrability in avoidance of the statutory provision that participation constitutes a waiver of such right should not be sanctioned. There was no agreement by the adverse party that the effect of petitioner’s waiver would not be urged (even, assuming, but not conceding, that such an agreement would permit a party to contest an arbitration on the merits and, at some point in the proceedings, walk out and make a motion to stay arbitration). All that respondent’s attorney did was to acknowledge that petitioner was reserving its rights under the Civil Practice Act. Those rights did not include both participation on the merits in . an arbitration and a subsequent motion for a stay. Petitioner should not be permitted to participate fully in an arbitration proceeding, learn its adversary’s case, and then unilaterally withdraw to employ remedies available only to nonparticipants, when it is to its advantage to do so (see Matter of National Cash Register Co. [Wilson], 8 N Y 2d 377, 382-383; Matter of Staklinski [Pyramid Elec. Co.], 6 A D 2d 565-567).
Nor, in fact, is petitioner’s contention as to the alleged nonarbitrability of the dispute meritorious. Petitioner’s basic argument, in support-of the relief here requested, is that since the union called a strike, it breached the agreement and subjected itself to a damage suit, so that the arbitration should be stayed pending institution and resolution of that suit.
Petitioner relies on Teamsters Local v. Lucas Flour Co. (369 U. S. 95) which merely held that an employer could maintain an action for damages against a union for violating a collective bargaining agreement by calling a strike over a dispute involving the employer’s right to discharge an unsatisfactory employee — a right explicitly provided in the bargaining agreement, which contained a broad arbitration clause as to all the provisions of the agreement. That agreement, however, did not have a no-strike clause. The subject agreement does have, within the framework of one clause, a no-strike and a no-lockout provision. Moreover, the arbitration clause expressly encompasses disputes with respect to that particular clause. There can be no question but that the intention of the parties was that any dispute as to whether a work stoppage was a lockout or a strike was to be submitted for arbitration. In Teamsters *539 Local v. Lucas Flour Co. (supra, p. 105) the court pointed out: “ The collective bargaining contract expressly imposed upon both parties the duty of submitting the dispute in question to final and binding arbitration.” Even where the particular dispute is not expressly covered in the agreement, the guiding rule, as stated in Steelworkers v. Warrier & Gulf Co. (363 U. S. 574, 582-583) is: “ An order to arbitrate the particular grievance should not be denied unless it may be said with positive assurance that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute.” (See, also, Matter of Potoker [Brooklyn Eagle], 2 N Y 2d 553, 560.)
The motion to stay arbitration is accordingly denied.